FILED
Oct 14  3 49 PM '03
U.S. DISTRICT COURT
NEW HAVEN, CONN.

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| EDWARD WILSON<br>　　Plaintiff | : CIVIL ACTION 3:02cv1114(JBA) |
| v. | : |
| SERGEANT MERRITT<br>　　Defendant | : October 14, 2003 |

## OBJECTION TO MOTION TO AMEND

The defendant Sergeant Merritt objects to the plaintiff's Motion to Amend for the reason that it is not timely and that it would create prejudice to the nonmovant. In support of the objection, the court is respectfully referred to the attached memorandum.

DEFENDANT,

By /s/
William J. Melley III
250 Hudson Street
Hartford, CT 06106
(860) 247-9933
fax (860) 247-9944
CT 06355

## **CERTIFICATION**

This is to hereby certify that a copy of the foregoing was mailed this date to:

Edward Wilson
Inmate No.: 177117
Cheshire Correctional Institution
900 Highland Avenue
Cheshire, CT 06410

_____
William J. Melley III

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| EDWARD WILSON<br>   Plaintiff | : CIVIL ACTION 3:02cv1114(JBA) |
| v. | : |
| SERGEANT MERRITT<br>   Defendant | : October 14, 2003 |

### DEFENDANT'S MEMORNADUM IN SUPPORT OF OBJECTION TO MOTION TO AMEND

The defendant respectfully opposes the plaintiff's Motion to Amend dated September 23, 2003. Although it is entitled a Motion to Amend, which is governed by Rule 15 of the Federal Rules of Civil Procedure, it is in effect a motion under Rule 20, which sets forth the criteria for allowing another party to be joined to a pending litigation. The defendant objects to the plaintiff's motion.

I. **ARGUMENT**

   A. **Standard of Review**

As referenced, it is not entirely clear as to what particular rule the plaintiff invokes in support of his motion. Plaintiff's motion is styled as a motion to amend, it is more properly characterized as a motion to have new parties since a motion for

joinder, if granted, would always amend the complaint. The court has discretion to grant or deny a motion to join a new party to a pending suit, if the new claims arise from the same transaction or occurrence. Fed. R. Civ. P. 20(a). Even if the proposed joinder satisfies the transaction test, the court must also "determine whether joinder will comport with the principals of fundamental fairness." Gursky v. Northwestern Mut. Life Ins. Co., 139 F.R.D. 279. 282 (E.D.N.Y. 1991). While the courts generally view requests to join additional defendants with favor, "it retains broad discretion in ruling on such a motion to act to prevent prejudice and undue delay." Gonzalez v. Leonard, 497 F. Supp 1058, 1076-77 (D. Conn. 1980); see also Barr Rubber Products Co. v. Sun Rubber Co., 425 F.2d 1114, 1126-27 (2d Cir. 1970); Fair Housing Development Fund Corp. v. Burke, 55 F.R.D. 414, 420 (E.D.N.Y. 1972); Allied Chemical Corp. v. Strouse, Inc., 53 F.R.D. 588, 589-90 (E.D. Pa.1971).

In viewing the motion for joinder, the court is referred to the fact that the incident occurred on September 7, 1999, four years ago. The plaintiff was arrested and prosecuted on the charges. As the plaintiff states in his motion, the names of the new parties was in the police incident report. It was not hidden but rather was easily discoverable to the reader of the report. There is no valid reason to allow a joinder now.

Should the court treat the present motion as a motion to amend, Rule 15 provides in pertinent part:

> a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed on the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise, a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

Fed. R. Civ. P. 15(a) (1993). Once a responsive pleading has been filed, an amendment to a pleading may only be accomplished by consent from the opposing party or leave to amend from the court. Fed. R. Civ. P. 15(a). While Rule 15(a) specifies that "leave shall be freely given when justice so requires"..."the liberal amendment policy proscribed by Rule 15(a) does not mean that leave will be granted in all cases." Acosta-Mestre v. Hilton International of Puerto Rico, Inc., 156 F. 3d 49, 51 (1st Cir. 1998). Reasons for denying a party's leave to amend include undue delay in filing the motion and prejudice to the nonmovant. Id., citing, Forman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227 (1962). The court has discretion to deny a party's leave to amend when the motion is made after an excessive delay, the opposing party would be prejudiced, or the amendment would be futile. Friedl v. City of New York, 210 F.3d 79, 87 (2d Cir. 2000). When considerable time has

elapsed between the filing of the complaint and the motion to amend, the plaintiff has the burden to provide a satisfactory explanation for the delay. See Cressman v. Sullivan & Cromwell, 922 F.2d 60, 72 (2d Cir. 1990); Evans v. Syracuse City School District, 704 F.2d 44, 46-48 (2d Cir. 1983). It is within the Court's discretion to conclude that ignorance of the law may be an unsatisfactory excuse for delay. Goss v. Revlon, Inc., 548 F.2d 405, 407 (2d Cir. 1976).

For both reasons, the court is requested to deny the plaintiff's motion.

DEFENDANT,

By_____
William J. Melley III
250 Hudson Street
Hartford, CT 06106
(860) 247-9933
fax (860) 247-9944
CT 06355

### CERTIFICATION

This is to hereby certify that a copy of the foregoing was mailed this date to:

Edward Wilson
Inmate No.: 177117
Cheshire Correctional Institution
900 Highland Avenue
Cheshire, CT 06410

_____
William J. Melley III