IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

FILED
DEC 2  3 37 PM '03
U.S. DISTRICT COURT
NEW HAVEN, CONN.

----------------------------------------x
EDWARD WILSON                :
                             :    3: 02 CV 1114 (JBA)
v.                           :
                             :
SERGEANT MERRITT             :
----------------------------------------x

DATE: DECEMBER 2, 2003

## RULING ON PLAINTIFF'S MOTION TO AMEND COMPLAINT

On June 26, 2002, pro se plaintiff, Edward Wilson, initiated this action against Sergeant Merritt ["defendant"] alleging that while acting under color of state law, defendant abridged plaintiff's rights pursuant to the Eighth and Fourteenth Amendment of the United States Constitution and his right to be free from assault and battery pursuant to Connecticut state law. (Dkt. #3). This case was referred to this Magistrate Judge on October 24, 2002. Defendant filed his Answer on March 10, 2003. (Dkt. #8).

On September 25, 2003, plaintiff filed his Motion to Amend (Dkt. #16), to which defendant filed his objection and brief on October 14, 2003. (Dkt. #19.) For the reasons stated below, plaintiff's Motion to Amend (Dkt #16) is denied.

### I. FACTUAL BACKGROUND

Plaintiff contends that on September 7, 1999, while handcuffed, two unknown Hartford police officers held him as defendant assaulted him, causing an injury above his left eye ["1999 incident"]. (Dkt. #3, ¶¶ 1 & 3). Plaintiff further asserts that several other unknown officers witnessed this event without intervening. (Id. ¶ 4). According to plaintiff, defendant ordered the two unknown officers who participated in the assault to bring plaintiff to Hartford Hospital to be "cleaned up." (Id. ¶ 5). Plaintiff asserts that he was later brought

AO 72A
(Rev. 8/82)

to a police station where another officer, upon noticing blood above his left eye, ordered that plaintiff be brought to Saint Francis Hospital to receive stitches. (Id. ¶ 6).

Approximately three years later, on July 26, 2002, plaintiff initiated this action against defendant Merritt only, referring to Officers John Doe 1 and John Doe 2 in his Complaint. (Id. ¶¶ 1, 5). One year later, plaintiff received a copy of the police report and on September 25, 2003, almost four years after the 1999 incident, plaintiff, now aware of the identity of the two unknown officers, filed this pending Motion to Amend so as "to include Officer Mooney and Officer Caccicoci" as defendants. (Dkt. #16).

## II. DISCUSSION

### A. MOTION TO JOIN PARTIES

Defendant asserts that "[a]lthough [plaintiff's motion] is entitled a Motion to Amend, which is governed by Rule 15 of the Federal Rules of Civil Procedure, it is in effect" a Motion to Join Parties under Rule 20(a) because if such motion were granted, the Complaint would be amended accordingly. (Dkt. #19, at 3-4). Rule 20(a) reads, in relevant part:

> All persons . . . may be joined in one action as defendants if there is asserted against them . . . any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action.

"The provisions for permissive joinder are very broad and subject to the court's discretion to prevent delay or prejudice." Landmark Dev. Group v. JEG Holdings, Inc., 185 F.R.D. 126, 128 (D. Conn. 1999)(citation omitted). Thus, where the addition of defendants would prejudice the nonmovant, the court may deny a motion for joinder. Id. (citation omitted).

Any right to relief asserted by plaintiff against defendant and Officers Mooney and Caccicoci arose out of the "same transaction [or] occurrence," as it is alleged that the putative defendants "held" plaintiff as defendant assaulted him, causing injury above his left

2

eye, and it is alleged that defendant ordered these two unknown officers who participated in the assault to bring plaintiff to Hartford Hospital. (Dkt. #3, ¶¶ 3, 5). Additionally, all parties, if joined, share a common question of law as a § 1983 violation would be asserted against each defendant. (Dkts. ##3 & 16). However, this incident occurred more than four years ago, the Complaint was filed more than a year ago, and plaintiff, after waiting almost four years after the date of the 1999 incident to review a public police record with the names of the two unknown officers, subsequently waited an additional two months to file this motion. (Dkts. ##3 & 16; see Dkt. #19, at 4). Plaintiff unduly delayed in seeking to join these two putative defendants and such delay, if permitted, would not only prejudice defendant but would be futile because the statute of limitations has run.[1]

### B. MOTION TO AMEND

After a responsive pleading has been served, as in this case, Rule 15(a) provides that "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." FED. R. CIV. P. 15(a). Defendant asserts that while Rule 15(a) specifies that "leave shall be freely given when justice so requires," leave does not have to be given in all cases such as when the party seeking leave to amend unduly delayed in filing the motion, when there would be prejudice to the nonmovant, or when the amendment would be futile. (Dkt. #19, at 5-6). Additionally, according to defendant, when considerable time has elapsed between the filing of the Complaint and the Motion to Amend, plaintiff has the burden to provide a satisfactory explanation for such delay, and the Court has discretion to conclude that ignorance of the law may be an unsatisfactory excuse for the delay. (Id.).

When ruling on a motion to amend, the Second Circuit has listed five factors for the

---

[1] See Section II.B. supra.

3

district court to consider: (1) undue delay; (2) bad faith or dilatory motive on the part of movant; (3) repeated failure to cure deficiencies by amendments previously allowed; (4) undue prejudice to the opposing party; and (5) futility of the amendment. Local 802, Associated Musicians of Greater New York v. Parker Meridien Hotel, 145 F.3d 85, 89-90 (2d Cir. 1998)(citing Foman v. Davis, 371 U.S. 178, 182 (1962)). "Perhaps the most important reason for denying leave to amend occurs when the opposing party will be unduly prejudiced by an amendment to the pleading." Messier v. Southbury Training School, 1999 WL 20907, at *3 (D. Conn. Jan. 5, 1999)(citation omitted).

In the absence of an applicable statute of limitations for a claim arising under § 1983, the U.S. Supreme Court has held that federal courts must borrow the "most appropriate" state statute of limitations. See Wilson v. Garcia, 471 U.S. 261, 275 (1985). In order to do this, the court must "characterize the essence" of plaintiff's federal claim; the statute of limitations most appropriate to a claim brought under § 1983 is that applicable to a claim for personal injury. Wilson, 471 U.S. at 268.

"[W]here state law provides multiple statutes of limitations for personal injury actions, courts considering § 1983 claims should borrow the general or residual statute for personal injury actions." Owens v. Okure, 488 U.S. 235, 249-50 (1989). Connecticut "provides different statutes of limitations for the tort action for the recovery of damages for personal injuries, depending on whether the injuries were inflicted intentionally or merely negligently." Weber v. Amendola, 635 F. Supp. 1527, 1529 (D. Conn. 1985)(citation & internal quotations omitted). The applicable statute of limitations for intentional torts, such as assault and battery, is three years from the date of the occurrence. CONN. GEN. STAT. § 52-577[2]; Alteiri

---

[2]"No action founded upon a tort shall be brought but within three years from the date of the act or omission complained of." CONN. GEN. STAT. § 52-577.

4

v. Colasso, 168 Conn. 329 (1975). However, the applicable Connecticut statute of limitations for all other personal injuries is two years. CONN. GEN. STAT. § 52-584.[3] This Court, however, has made clear that the "three-year statute of limitations of [CONN. GEN. STAT.] § 52-577 applies to all [§] 1983 actions brought in federal courts in the District of Connecticut." Weber, 635 F. Supp. at 1531.

Rule 15(c) of the Federal Rules of Civil Procedures allows for the amendment of a pleading if such pleading "relates back to the date of the original pleading when . . . the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth . . . in the original pleading . . . ." However, as in this case, "a new defendant cannot normally be substituted or added by amendment after the statute of limitations has run." Scharrer v. Consolidated Rail Corp., 792 F. Supp. 170, 172 (D. Conn. 1992)(citation & internal quotations omitted). Therefore, Rule 15(c) does not allow for plaintiff's amendment to relate back for the new defendants Mooney and Caccicoci.

Plaintiff referred to the unknown officers who participated in the 1999 incident as "John Doe 1" and "John Doe 2" in his Complaint; however, plaintiff never included them as "John Doe" defendants in this suit. (Dkt. #3). The statute of limitations on plaintiff's claim against Officers Mooney and Caccicoci began to run as of September 7, 1999, the date of the occurrence. Plaintiff filed his Motion to Amend on September 25, 2003 -- four years and eighteen days after the date of the incident. Therefore, plaintiff is barred from filing an action against these officers arising out of the 1999 incident. Granting plaintiff's Motion to Amend would not only impose undue prejudice to the opposing party, but such action would be futile as the amendment cannot withstand a motion to dismiss. Foman, 371 U.S. at 182;

---

[3]"No action to recover damages for injury to the person . . . shall be brought but within two years from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered . . . ." CONN. GEN. STAT. § 52-584.

AO 72A
(Rev. 8/82)

Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals, 282 F.3d 83, 88 (2d Cir. 2002)(citation omitted)(failure to state a claim upon which relief can be granted renders a proposed amendment futile).

### III. CONCLUSION

Accordingly, for the reasons stated above, plaintiff's Motion to Amend (Dkt. #16) is <u>denied</u>.

See 28 U.S.C. § 636(b)**(written objections to ruling must be filed within ten days after service of same);** FED. R. CIV. P. 6(e) & 72; Rule 2 of the Local Rules for United States Magistrate Judges, United States District Court for the District of Connecticut; Small v. Secretary, H&HS, 892 F.2d 15, 16 (2d Cir. 1989)**(failure to file timely objection to Magistrate Judge's recommended ruling may preclude further appeal to Second Circuit).**

Date at New Haven, Connecticut, this 2nd day of December, 2003.

Joan Glazer Margolis
United States Magistrate Judge

6