IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

----------------------------------------------------x
:
EDWARD WILSON :
: 3: 02 CV 1114 (JBA)
v. :
:
SERGEANT MERRITT :
:
----------------------------------------------------x   DATE: JANUARY 7, 2004

RULING ON PLAINTIFF'S MOTION TO COMPEL

The factual and procedural history behind this litigation is set forth in considerable detail in this Magistrate Judge's Ruling on Plaintiff's Motion to Amend Complaint, filed December 2, 2003 (Dkt. #27), familiarity with which is presumed.

On November 24, 2003, plaintiff filed the pending Motion to Compel (Dkt. #26), which seeks a deposition of defendant Sergeant Merritt, with an "official" from the Hartford Police Department "present [who] can produce answers and all copies of records of all complaints" made against this defendant during his tenure with the Hartford Police Department. On December 5, 2003, defendant filed an "Objection" to this motion because the Hartford Police Department is not a party to this lawsuit (Dkt. #28), and which indicated that a memorandum "will be filed." No such memorandum has been filed.

The law is well-established in this District that in § 1983 actions alleging excessive force by police officers, a plaintiff is entitled to discovery regarding complaints made against the defendant police officer prior to the incident at issue in the litigation and similar to the allegations made in the lawsuit. See, e.g., Walsh v. Gambardella, N84-435 (TFGD)(D. Conn. Apr. 2, 1985, Magistrate's opinion approved July 5, 1985); Krynzel v. Sweeney, N82-66 (PCD)(D. Conn. Sept. 28, 1984); Thomas v. White, N81-171 (EBB)(D. Conn. Oct. 31,

1981). Cf. Laws v. Cleaver, 3:96 CV 92 (JBA), 1999 WL 33117449 (D. Conn. Nov. 17, 1999)(regarding prisoner's review of correctional officers' personnel records). Thus, at most, plaintiff would be entitled to discovery regarding any complaint made against defendant Merritt prior to September 7, 1999 which allege excessive force by defendant Merritt.

However, because plaintiff is appearing pro se and is presently incarcerated, it would be prudent to have the Magistrate Judge conduct an in camera review of the relevant documents, if any, prior to disclosing them to plaintiff. See generally Cincotta v. City of New York, 83 Civ. 7506 (KTD), 1984 WL 1210 (S.D.N.Y. Nov. 14, 1984). Therefore, **on or before January 30, 2004**, defense counsel shall produce for the Magistrate Judge's in camera review copies of all complaints made against defendant Merritt prior to September 7, 1999 which allege excessive force by defendant Merritt.

Accordingly, plaintiff's Motion to Compel (Dkt. #26) is granted in part and denied in part to to the extent set forth above.

This is not a Recommended Ruling but a Ruling on discovery, the standard of review of which is specified in 28 U.S.C. § 636; FED. R. CIV. P. 6(a), 6(e) & 72; and Rule 2 of the Local Rules for United States Magistrate Judges. As such, it is an order of the Court unless reversed or modified by the District Judge upon timely made objection.

See 28 U.S.C. § 636(b)**(written objections to ruling must be filed within ten days after service of same);** FED. R. CIV. P. 6(e) & 72; Rule 2 of the Local Rules for United States Magistrate Judges, United States District Court for the District of Connecticut; Small v. Secretary, H&HS, 892 F.2d 15, 16 (2d Cir. 1989)**(failure to file timely objection to Magistrate Judge's recommended ruling may preclude further appeal to Second Circuit).**

Date at New Haven, Connecticut, this 7th day of January, 2004.

_____/s/_____
Joan Glazer Margolis
United States Magistrate Judge