IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

-------------------------------------------------------x

EDWARD WILSON                        :

                                     :      3: 02 CV 1114 (JBA)

v.                                   :

                                     :

SERGEANT MERRITT                     :

-------------------------------------------------------x      DATE: FEBRUARY 4, 2004


### RULING FOLLOWING *IN CAMERA* REVIEW

The procedural history behind this discovery issue is set forth in this Magistrate
Judge's Ruling on Plaintiff's Motion to Compel, filed January 7, 2004 (Dkt. #29), familiarity
with which is presumed.  The January 2004 Ruling provided:

> The law is well-established in this District that in § 1983 actions
> alleging excessive force by police officers, a plaintiff is entitled to discovery
> regarding complaints made against the defendant police officer prior [to] the
> incident at issue in the litigation and similar to the allegations made in the
> lawsuit. Thus, at most, plaintiff would be entitled to discovery regarding any
> complaint[s] made against defendant Merritt prior to September 7, 1999
> which allege excessive force by defendant Merritt.
>
> However, because plaintiff is appearing pro se and is presently
> incarcerated, it would be prudent to have the Magistrate Judge conduct an
> in camera review of the relevant documents, if any, prior to disclosing them
> to plaintiff.

(At 1-2)(citations omitted).

On February 2, 2004, defense counsel submitted to the Magistrate Judge's
Chambers an affidavit from Lieutenant Neil Dryfe, who is in charge of the Internal Affairs
Department of the Hartford Police Department, attached to which was a copy of IAD File 88-
61, which is approximately one inch thick.  This affidavit and attachment have been filed,
under seal, as Dkt. #30.  As the affidavit explains, over the sixteen years from 1983 through

September 1999, five IAD complaints alleging excessive force have been filed against Sergeant Merritt, as follows: (1) in 1983, for which he was exonerated; (2) in 1984, for which he also was exonerated; (3) in 1986, for which the allegations were deemed to be unfounded; (4) in 1988, which was sustained in limited part; and (5) in 1989, for which the complaint was withdrawn. The files no longer exist for the 1983, 1984, 1986 and 1989 complaints.

The Magistrate Judge has conducted a careful *in camera* review of the 1988 complaint and finds that the file is not relevant, in that the events at issue transpired approximately twelve years prior to the incident at issue here, defendant was exonerated on the charge of excessive force, and there have been no other complaints against defendant in the interim, except for the 1989 complaint which was withdrawn. Thus, defendant need not produce this file for plaintiff.

This is not a Recommended Ruling but a Ruling on discovery, the standard of review of which is specified in 28 U.S.C. § 636; FED. R. CIV. P. 6(a), 6(e) & 72; and Rule 2 of the Local Rules for United States Magistrate Judges. As such, it is an order of the Court unless reversed or modified by the District Judge upon timely made objection.

See 28 U.S.C. § 636(b)**(written objections to ruling must be filed within ten days after service of same);** FED. R. CIV. P. 6(e) & 72; Rule 2 of the Local Rules for United States Magistrate Judges, United States District Court for the District of Connecticut; Small v. Secretary, H&HS, 892 F.2d 15, 16 (2d Cir. 1989)**(failure to file timely objection to Magistrate Judge's recommended ruling may preclude further appeal to Second Circuit).**

AO 72A
(Rev. 8/82)

Date at New Haven, Connecticut, this 4th day of February, 2004.

Joan Glazer Margolis
United States Magistrate Judge

AO 72A
(Rev. 8/82)